# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAURIE LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-19 CAS |
| | ) | |
| VALUE CITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Value City's Response to the Court's Order Concerning Removal. Plaintiff Logan has not filed a response and the time to do so has passed.

The Order Concerning Removal stated that in cases involving limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The Order directed Value City to provide information concerning the states of which each of its members was a citizen, including the state of the principal place of business for corporate members, both at the time of filing and the time of removal.

With respect to plaintiff's citizenship, Value City responds on information and belief that plaintiff is a citizen of Missouri and submits various documentation indicating that plaintiff has been a resident of Missouri at the time of filing and removal, and for at least the past seven years. In the absence of any contradiction by plaintiff, the Court finds that Value City has adequately alleged plaintiff's citizenship.

With respect to its own citizenship, Value City responds that at the times of filing and removal it was comprised of one member, Retail Ventures, Inc., a corporation which was incorporated in Ohio and has its principal place of business in Ohio. Value City submitted a declaration and documents to support its response. The Court finds that Value City has adequately alleged its own citizenship.

A notice of removal "must plainly indicate that the requirements for federal jurisdiction are satisfied." 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.30[2][a] (3d ed. 2007). In a case removed on the basis of diversity jurisdiction, as here, the removal notice must allege complete diversity of citizenship at the time the case was filed in state court and at the time of removal. See id. A notice of removal may be freely amended within the thirty-day period in which the notice must be filed. Id., § 107.30[2][a][iv]; Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982). A defendant may amend the notice of removal after the thirty-day period has ended to correct a "defective allegation of jurisdiction," see 28 U.S.C. § 1653, but not to add a new basis for removal jurisdiction. ARCO Envtl. Remediation, LLC v. Department of Health and Envtl. Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000); 16 Moore's Federal Practice, § 107.30[2][a][iv]. In this case, the thirty-day period has ended.

Although Value City has adequately alleged the parties' citizenship in its response to the Court's Order, the Notice of Removal remains procedurally defective. Value City will therefore be ordered to file an Amended Notice of Removal to correct the defective allegations of jurisdiction.[1] See 28 U.S.C. § 1653.

---

[1] Defendant should select the docketing event "Notice of Removal" and then text in that the document being filed is an amended notice of removal.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Value City is granted leave to file an Amended Notice of Removal as set forth herein by **February 29, 2008**.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of February, 2008.