**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LAURIE LOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-19 CAS |
| ) | |
| VALUE CITY DEPARTMENT STORES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Value City Department Stores, LLC's ("Value City" or "defendant") Supplemental Memorandum in Support of Jurisdiction, plaintiff's response, and Value City's reply. These memoranda were filed in response to the Court's questions and statements with respect to the adequacy of the amount in controversy made in open court at the Rule 16 scheduling conference on April 4, 2008. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter, and the case must be remanded to state court.

**Background**.

Plaintiff Laurie Logan initially filed suit in the Circuit Court of St. Louis County, Missouri. This is an employment discrimination action brought under the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, et seq. (2000). Plaintiff alleges that her former employer, Value City, discriminated against her on the basis of her race, age and religion. The petition alleges a failure to promote and implicitly alleges that plaintiff's employment was terminated. The prayer for relief seeks a permanent injunction against the violation of plaintiff's civil rights, reinstatement to a "full job position and/or higher position," back pay, pre-judgment interest, fringe benefits, front pay, costs and attorney's fees.

Petition at 4. On its face, the petition does not seek an amount in excess of the jurisdictional minimum requirement for diversity jurisdiction, as the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332(a).[1]

Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332(a). In support of the Notice of Removal, defendant asserts "upon information and belief" that plaintiff seeks in excess of $75,000. Notice of Removal at 2. Defendant states that plaintiff seeks back pay, front pay, fringe benefits, attorney's fees, costs, and "any appropriate relief necessary." Defendant also states that plaintiff claims "significant emotional distress" and concludes that it "is thus apparent from the face of the Complaint that the amount in controversy exceeds $75,000." Id.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183

---

[1] In fact, the petition on its face does not plead the existence of at least $25,000 in controversy, as is necessary to establish jurisdiction in the circuit courts of the State of Missouri. See Mo. Rev. Stat. § 509.050.1(2) (2000) (providing that "[i]f a recovery of money be demanded, no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority."), and Mo. Rev. Stat. § 517.011.1(1) (2000) (granting associate circuit judges jurisdiction to hear all civil actions and proceedings for the recovery of money where the sum demanded does not exceed $25,000).

(8th Cir. 1993). Generally, this means that a removing defendant has a more onerous burden to establish the requisite amount in controversy than does a plaintiff initially filing a case in federal court. See Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) (where the plaintiff files suit in federal court, the federal court has jurisdiction unless, as a matter of law, the plaintiff could not recover more than $75,000). "Courts have justified the disparate standards on the grounds that the plaintiff is generally the master of his complaint and his choice of forum should not be easily disturbed, and could avoid removal by stipulation to a claim of less than the jurisdictional amount to begin with." Gonzalez-Lopez v. Fahle, 2005 WL 2708832, *1 (E.D. Mo. Oct. 21, 2005) (citing 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3725 (3d ed. 1998)). Indeed, the Supreme Court has stated that while a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently "uncertainties are resolved in favor of remand.")

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). To meet its burden with regard to the jurisdictional amount, the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) ("Kramper"). Specific facts or evidence are required to

3

demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

In addition to the allegations of defendant's Notice of Removal, defendant asserts in its Supplemental Memorandum that diversity jurisdiction is proper based plaintiff's demand letter seeking $100,000 to settle the case. Defendant also contends that plaintiff's prayer for relief in the Petition is "broad enough to contain a prayer for punitive damages," Def.'s Suppl. Mem. at 2, based on plaintiff's prayer for "any other appropriate relief necessary" and "such other legal and equitable relief as this Court deems just and proper." Id. (quoting Petition at 4). Defendant also relies on the fact that plaintiff has not filed a written stipulation that she will neither seek nor accept any recovery for damages in excess of $75,000.

Plaintiff concedes that her demand was in excess of the jurisdictional minimum, but represents that her wages are less than $20,000 per year and that she has been out of work for one year. Plaintiff's counsel stated in open court that he valued the case at approximately half of the $100,000 demanded, and that in response to the demand, defendant offered $2,000 to settle the case, which it later increased to $4,000. Plaintiff makes two contradictory statements concerning her claim for damages in response to defendant's Supplemental Memorandum. First, plaintiff states that she "will not seek damages in excess of the [sic] $74,999.00," and then states that she "has not given counsel authority to limit her demand and therefore no such statement of limitation will be made." Pl.'s Response at 2. These two statements cannot be reconciled, and the Court assumes for purposes of

this opinion that plaintiff has not agreed to limit her claim for damages, an issue which will be discussed below.

This Court has held that a demand letter alone is insufficient to establish the existence of the requisite amount in controversy for purposes of diversity jurisdiction. Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997). "[A] settlement letter is only one factor to consider in assessing the amount in controversy and . . . courts must consider the context in which such a settlement demand was made." Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 202 (D. Conn. 2004). The undersigned believes that caution is appropriate in considering settlement demands as evidence of the value of a case. "Courts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." Vermande, 352 F.Supp.2d at 203 (citing Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996)). In this case plaintiff's demand for $100,000 does not appear to be a realistic appraisal of her damages.

In this case, defendant's arguments concerning plaintiff's claims for back pay, front pay, and emotional distress damages do not establish the requisite amount in controversy by a preponderance of the evidence. The record shows that plaintiff made less than $20,000 per year in her employment with defendant and has been out of work for one year. Therefore, plaintiff's claim for back pay is worth $20,000 at this point. If plaintiff were out of work for another year before the case is resolved, the back pay claim would be worth $40,000, an amount still far below the jurisdictional minimum.[2]

---

[2]This Court has remanded other cases where the plaintiff demanded an amount in excess of the jurisdictional minimum to settle the case, but the removing defendant failed to establish by a preponderance of the evidence that such an amount was actually in controversy. See, e.g., New v. Hunter's View, Ltd., 2007 WL 1040926 (E.D. Mo. Apr. 4, 2007) (case remanded where plaintiff claimed permanent back injury, prayer in petition sought an amount in excess of $25,000, plaintiff had

5

Defendant relies on plaintiff's prayer for front pay damages, but the plaintiff also prays for reinstatement in the petition. The Eighth Circuit has instructed that front pay is a disfavored remedy and reinstatement should be the normal remedy. See Sellers v. Mineta, 358 F.3d 1058, 1063-64 (8th Cir. 2004) (citing cases). Front pay should only be awarded in situations where reinstatement is impossible or impracticable. Id. (cited cases omitted). There is no basis in the record for the Court to determine that reinstatement would be impossible or impracticable in this case. Therefore, to assign a dollar value to plaintiff's front pay claim at this time would be mere speculation.

With respect to plaintiff's claim for emotional distress damages, defendant does not offer any evidence to establish a value for these damages, including but not limited to any specific facts concerning plaintiff's claimed emotional distress, actual damages incurred by plaintiff, or emotional distress awards in other MHRA cases. In the absence of such evidence, it would be entirely speculative to attach a dollar value to plaintiff's emotional distress claim.

Defendant correctly asserts that both attorney's fees and punitive damages are considered in determining whether the jurisdictional minimum is met. See Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees); Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages). Reasonable attorney's fees are generally awarded to a prevailing plaintiff in an MHRA action. See Mo. Rev. Stat. § 213.111.2; Brady v. Curators of Univ. of Missouri, 213 S.W.3d 101, 115 (Mo. Ct. App. 2006). Therefore, it is appropriate for the Court to assume that plaintiff would be entitled to an award of her reasonable attorney's fees if she were

---

lost wages and medical expenses totaling approximately $31,000, and demanded $125,000 to settle the case); Reid v. USF Holland, Inc., 2006 WL 18759 (E.D. Mo. Jan. 4, 2006) (case remanded where plaintiff claimed permanent and disabling injuries resulting from automobile accident, prayer in petition sought an amount in excess of $25,000, and plaintiff demanded both $250,000 and $74,999 to settle case).

to prevail in this action. Defendant has not offered the Court any evidence concerning the typical award of attorney's fees in an MHRA case to be used as a basis for determining a likely reasonable award in this case. Thus, the amount of any such fee award is speculative.

The Court disagrees with defendant's assertion that plaintiff's vague prayers for "other appropriate relief" and "other legal and equitable relief" should be construed as a claim for punitive damages. In Missouri, punitive damages must be pleaded and proved. Missouri Supreme Court Rule 55.19; Benson v. Jim Maddox Northwest Imports, Inc., 728 S.W.2d 668, 669 (Mo. Ct. App. 1987). Rule 55.19 provides in pertinent part, "In actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered." Where a plaintiff fails to plead or pray for punitive damages, no award of such damages may be made. See Benson, 728 S.W.2d at 669-70. Defendant has not cited any cases in which a prayer for relief similar to plaintiff's was held to encompass a claim for punitive damages under Missouri law.

Further, to be entitled to punitive damages under the MHRA, a plaintiff must show that the employer's conduct was outrageous because of its malice, evil motive or reckless indifference to her rights. Burnett v. Griffith, 769 S.W.2d 780, 789 (Mo. 1989) (en banc) (quoting the Restatement (Second) of Torts § 908(2) (1979)); Varner v. National Super Markets, Inc., 94 F.3d 1209, 1214 (8th Cir. 1996), cert. denied, 519 U.S. 1110 (1997). Plaintiff does not allege in her petition that defendant acted with malice or deliberate indifference or that its conduct was outrageous. See Nelson v. Boatmen's Bancshares, Inc., 26 F.3d 796, 804 (8th Cir. 1994) (to recover punitive damages, Missouri law requires showing of conduct that would "shock the conscience and cause outrage"). To assert a claim for punitive damages, a plaintiff must plead facts from which it could reasonably be found that the defendant acted with the requisite degree of culpability. See Philips v. Bradshaw, 859 S.W.2d

232, 236 (Mo. Ct. App. 1993). The Court concludes that plaintiff did not plead or pray for punitive damages in this action and therefore does not consider punitive damages in determining the amount in controversy.

In its reply, defendant relies almost exclusively on plaintiff's failure to stipulate that she will not ask for or accept a judgment in excess of $75,000. Although a plaintiff may choose to file such a stipulation in order to obtain a remand to state court, the lack of a stipulation does not constitute evidence sufficient to meet a defendant's burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Gramc v. Millar Elevator Co./Schindler Enters., 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998) (holding a plaintiff's refusal to stipulate that the amount in controversy will not exceed the jurisdictional minimum does not establish the requisite amount in controversy). In the circumstances presented by this case, to require a stipulation limiting damages from a plaintiff who originally filed her action in state court would improperly shift the removing defendant's burden of proof to the plaintiff.

The Court disagrees with defendant's assertion that the proper standard for determining whether the minimum amount in controversy exists is "whether a fact finding might legally conclude that a plaintiff's damages are greater than $75,000." Def.'s Reply at 1. This standard, articulated in Kopp v Kopp, 280 F.3d 883, 885 (8th Cir. 2002), applies where a case is originally filed in federal court, not in a removal action. As stated above, a removing defendant in a diversity case must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Kramper, 393 F.3d at 831. The Kopp case was originally filed in federal court. The defendant filed a motion to dismiss, and the plaintiff had to show by a preponderance of the evidence that the amount in controversy requirement was met. Kopp, 280 F.3d at 884-85. This situation does not involve the

8

same policy considerations at issue on a motion to remand. As stated above, removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur., 992 F.2d at 183. In Kopp, the plaintiff was attempting to keep the case in the forum where she filed it. Here, the plaintiff is trying to return the case to the forum where she filed it. More importantly, in Kopp the plaintiff had the burden to establish the existence of diversity jurisdiction, whereas in this case, the defendant bears that burden. Id. at 886. See City of University City, Mo. v. AT & T Wireless Servs., Inc., 229 F.Supp.2d 927, 932 n.3 (E.D. Mo. 2002) (declining to apply Kopp standard in removal case).

In sum, defendant has shown that plaintiff currently has approximately $20,000 in lost wages, seeks reinstatement or front pay, claims unspecified emotional distress damages and attorney's fees, and sent a demand to settle the case for $100,000. The Court is mindful that the party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge, 415 F.2d at 814. Under the facts of this case, the Court concludes that defendant as the removing party has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Kramper, 393 F.3d at 831.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendant has failed to meet its burden to establish the existence of the jurisdictional amount by a preponderance of the evidence. This matter must therefore be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

9

An order of remand will accompany this memorandum and order.

                                                                                                            _____
                                                                                                            **CHARLES A. SHAW**
                                                                                                             **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of April, 2008.